1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT FOR THE**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   WENDY FRESE, ET AL.,              **PRETRIAL SCHEDULING ORDER**

12      Plaintiff(s)

13   v.                                Case No.: 2:20-cv-00276 JAM KJN
     RELIAKOR SERVICES OF NEVADA,
14   INC., ET AL.,

15      Defendant(s)

16

17       After review of the Joint Status Report, the court makes the

18   following order:

19

20                       **SERVICE OF PROCESS**

21       All parties defendant to this lawsuit have been served and

22   no further service will be permitted except with leave of court,

23   good cause having been shown.

24

25          **JOINDER OF ADDITIONAL PARTIES/AMENDMENTS**

26       No further joinder of parties or amendments to pleadings is

27   permitted except with leave of court, good cause having been

28   shown.

1

**JURISDICTION AND VENUE**

Jurisdiction and venue are not contested.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARINGS SCHEDULES**

All dispositive motions shall be filed by **3/3/2023**.  Hearing on such motions shall be on **5/9/2023 at 1:30 PM.**

**The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pretrial motions.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pretrial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pretrial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions

1   may be assessed for the failure to file the appropriate pretrial

2   motion.

3

4                     **MEET AND CONFER REQUIREMENT**

5       In any case where the parties are represented by counsel,

6   counsel contemplating the filing of any motion, except (1) those

7   in connection with discovery motions (which are governed by Local

8   Rule 251(b)); (2) applications for temporary restraining orders

9   or preliminary injunctions; or (3) motions made in prisoner

10   actions (which are governed by Local Rule 230(l)), shall first

11   contact opposing counsel to discuss thoroughly, *preferably in*

12   *person*, the substance of the contemplated motion and any

13   potential resolution.

14       If the proposed motion must be filed within a specified

15   period of time under the Federal Rules of Civil Procedure (*e.g.*,

16   a motion to dismiss pursuant to F.R.Cv.P. 12(b), or a new trial

17   motion pursuant to F.R.Cv.P. 59(a)), then this conference shall

18   take place at least five (5) days prior to the last day for

19   filing the motion; otherwise, the conference shall take place at

20   least ten (10) days prior to the filing of the motion.

21       If the parties are unable to reach a resolution which

22   eliminates the necessity for a hearing, counsel for the moving

23   party shall include in the notice of motion the following

24   statement:

25

26       **"This motion is made following the conference of counsel**

27       **pursuant to the Court's standing order which took place on**

28       **[date of conference]."**

1    The purpose of the meet and confer process is to: (1)

2 determine whether the respondent agrees that the motion has merit

3 in whole or in part; (2) discuss whether issues can be resolved

4 without the necessity of briefing; (3) narrow the issues for

5 review by the Court; and (4) explore the possibility of

6 settlement before the parties incur the expense of briefing a

7 motion.

8    Failure to comply with the meet and confer requirement will

9 result in the dismissal, without prejudice, of the offending

10 party's motion.

11    Unless prior permission has been granted, memoranda of law

12 in support of and in opposition to motions under F.R.Cv.P. 56 and

13 65 and any post-judgment or post-trial motions are limited to

14 twenty-five (25) pages, and reply memoranda are limited to ten

15 (10) pages. Memoranda of law in support of and in opposition to

16 all other motions are limited to fifteen (15) pages, and reply

17 memoranda are limited to five (5) pages. The parties are also

18 cautioned against filing multiple briefs to circumvent this rule.

19    A violation of this Order will result in monetary sanctions

20 being imposed against counsel in the amount of $50.00 per page

21 and the Court will not consider any arguments made past the page

22 limit.

23    Documentary evidence submitted in support of or in

24 opposition to a motion must be separately bound or placed in a

25 binder, and exhibits must be separated with labeled tabs that

26 extend beyond the edge of the page. An Index of exhibits must

27 also be included.

28    At least 28 days before the dispositive motions filing

deadline, the parties must meet and confer to determine whether
they intend to file cross motions for summary judgment.  If the
parties do intend to file cross motions, the plaintiff must file
the opening brief for summary judgment at least 14 days before
the dispositive motions filing deadline.  The plaintiff's
concurrently-filed notice of motion shall indicate the parties'
intention to file cross motions and shall notice a hearing date
at least 42 days from the date of filing.  The briefing schedule
will be as follows.  Only four briefs shall be filed:

     (1) Plaintiff's opening brief (25 pages maximum), along with
     any other documents required or permitted under Local Rule
     260, shall be filed at least 14 days before the dispositive
     motions filing deadline;
     (2) Defendant's opposition and cross motion for summary
     judgment (35 pages maximum) shall be filed at least 28 days
     before the hearing;
     (3) Plaintiff's reply and opposition (20 pages maximum)
     shall be filed at least 14 days before the hearing;
     (4) Defendant's reply (10 pages maximum) shall be filed at
     least 7 days before the hearing.

     These are the only four briefs that may be filed, even if
the parties move for summary judgment on more than one complaint
(e.g., motions on a complaint and a counterclaim).  The parties
must obtain permission from the Court to exceed the stated page
limitations.  The parties are reminded that they may not file a
reply to a Response of the Statement of Undisputed Facts.

1 Parties are advised to carefully read Local Rule 260, which

2 permits an opposing party to file only (1) a Statement of

3 Disputed Facts and (2) a Response to the Statement of Undisputed

4 Facts (with the moving party's Statement of Undisputed Facts

5 reproduced and then admitted or denied, with citations).   If the

6 parties do not comply with this procedure and schedule for filing

7 cross motions for summary judgment, but nonetheless file cross

8 motions, the Court will deny both motions without prejudice and

9 may impose sanctions.

10

11                          **DISCOVERY**

12     All discovery shall be completed by **1/23/2023**.   In this

13 context, "completed" means that all discovery shall have been

14 conducted so that all depositions have been taken and any

15 disputes relative to discovery shall have been resolved by

16 appropriate order if necessary and, where discovery has been

17 ordered, the order has been complied with.

18

19              **DISCLOSURE OF EXPERT WITNESSES**

20     The parties shall make expert witness disclosures under

21 F.R.Cv.P. 26(a)(2) by **10/31/2022**.   Supplemental disclosure and

22 disclosure of any rebuttal experts under F.R.Cv.P. 26(a)(2)(c)

23 shall be made by **12/1/2022**.

24     Failure of a party to comply with the disclosure schedule as

25 set forth above in all likelihood will preclude that party from

26 calling the expert witness at the time of trial absent a showing

27 that the necessity for the witness could not have been reasonably

28 anticipated at the time the disclosures were ordered and that the

6

1  failure to make timely disclosure did not prejudice any other

2  party.  See F.R.Cv.P. 37(c).

3      All experts designated are to be fully prepared at the time

4  of designation to render an informed opinion, and give their

5  reasons therefore, so that they will be able to give full and

6  complete testimony at any deposition taken by the opposing

7  parties.  Experts will not be permitted to testify at the trial

8  as to any information gathered or evaluated, or opinion formed,

9  after deposition taken subsequent to designation.

10

11                **JOINT MID-LITIGATION STATEMENTS**

12      Not later than fourteen (14) days prior to the close of

13  discovery, the parties shall file with the court a brief joint

14  statement summarizing all law and motion practice heard by the

15  court as of the date of the filing of the statement, whether the

16  court has disposed of the motion at the time the statement is

17  filed and served, and the likelihood that any further motions

18  will be noticed prior to the close of law and motion.  The filing

19  of this statement shall not relieve the parties or counsel of

20  their obligation to timely notice all appropriate motions as set

21  forth above.

22

23                **FINAL PRETRIAL CONFERENCE**

24      The final pretrial conference is set for **6/16/2023 at 11:00**

25  **AM**.  In each instance an attorney who will try the case for a

26  given party shall attend the final pretrial conference on behalf

27  of that party; provided, however, that if by reason of illness or

28  other unavoidable circumstance the trial attorney is unable to

7

1  attend, the attorney who attends in place of the trial attorney

2  shall have equal familiarity with the case and equal

3  authorization to make commitments on behalf of the client.  All

4  pro se parties must attend the pretrial conference.

5       Counsel for all parties and all pro se parties are to be

6  fully prepared for trial at the time of the pretrial conference,

7  with no matters remaining to be accomplished except production of

8  witnesses for oral testimony.  The parties shall file with the

9  court, no later than seven days prior to the final pretrial

10 conference, a joint pretrial statement.

11      ***Also, at the time of filing the Joint Pretrial Statement,***

12 ***counsel are requested to e-mail the Joint Pretrial Statement and***

13 ***any attachments in Word format to Judge Mendez' assistant, Jane***

14 ***Klingelhoets at: jklingelhoets@caed.uscourts.gov.***

15      Where the parties are unable to agree as to what legal or

16 factual issues are properly before the court for trial, they

17 should nevertheless list all issues asserted by any of the

18 parties and specifically identifying the disputes concerning such

19 issues.  The provisions of Local Rule 281 shall, however, apply

20 with respect to the matters to be included in the joint pretrial

21 statement.  Failure to comply with Local Rule 281, as modified

22 herein, may be grounds for sanctions.

23      The parties are reminded that pursuant to Local Rule

24 281(b)(10) and (11) they are required to list in the final

25 pretrial statement all witnesses and exhibits they propose to

26 offer at trial, no matter for what purpose.  These lists shall

27 not be contained in the body of the final pretrial statement

28 itself but shall be attached as separate documents so that the

8

1  court may attach them as an addendum to the final pretrial order.

2  The final pretrial order will contain a stringent standard for

3  the offering at trial of witnesses and exhibits not listed in the

4  final pretrial order, and the parties are cautioned that the

5  standard will be strictly applied.  On the other hand, the

6  listing of exhibits or witnesses that a party does not intend to

7  offer will be viewed as an abuse of the court's processes.

8       The parties are also reminded that pursuant to F.R.Cv.P. 16,

9  it will be their duty at the final pretrial conference to aid the

10  court in: (a) formulation and simplification of issues and the

11  elimination of frivolous claims or defenses; (b) settling of

12  facts which should properly be admitted; and (c) the avoidance of

13  unnecessary proof and cumulative evidence.  Counsel must

14  cooperatively prepare the joint pretrial statement and

15  participate in good faith at the final pretrial conference with

16  these aims in mind.  A failure to do so may result in the

17  imposition of sanctions which may include monetary sanctions,

18  orders precluding proof, elimination of claims or defenses, or

19  such other sanctions as the court deems appropriate.

20

21                        **TRIAL SETTING**

22       Jury trial in this matter is set for **7/31/2023 at 9:00 AM**.

23  The parties estimate an approximate five to seven (5-7) day

24  trial.

25

26                    **SETTLEMENT CONFERENCE**

27       No Settlement Conference is currently scheduled.  If the

28  parties wish to have a settlement conference, one will be

1  scheduled at the final pretrial conference or at an earlier time

2  upon request of the parties.

3

4  **OBJECTIONS TO PRETRIAL SCHEDULING ORDER**

5  This Status Order will become final without further Order of

6  Court unless objection is lodged within seven (7) days of the

7  date of the filing of this Order.

8

9  IT IS SO ORDERED.

10

11  Dated:  April 4, 2022          /s/ John A. Mendez

12                                 THE HONORABLE JOHN A. MENDEZ
                                   UNITED STATES DISTRICT COURT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10